**Ronald STRUMI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3280–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 15, 2006.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Gretchen C.F. Shappert, United States Attorney; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Ronald Strumi, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the denial by an immigration judge ("IJ") of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the scope of the issues presented on appeal.

The IJ found that Strumi lacked credibility because his account of threats and persecution in Albania were implausible and uncorroborated. The BIA ruled that

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as a respondent in this case.

the adverse credibility finding was unsupported by the record, but nevertheless agreed with the IJ's denial of relief, on the ground that the past harm suffered by Strumi did not rise to the level of persecution, and that Strumi's fear of future persecution was not objectively reasonable.

The BIA has defined "persecution" as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985); *see Damko v. INS,* 430 F.3d 626, 632–34 (2d Cir.2005). Applying *Chevron* deference, we have found this definition to be reasonable, and we review the BIA's determination "that petitioner's deprivations were not so severe as to constitute a threat to her life or freedom ... under the 'substantial evidence' standard[.]" *Damko,* 430 F.3d at 632–36. Under this standard, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). We reverse only if a reasonable adjudicator would be compelled to conclude to the contrary. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ primarily dismissed Strumi's allegations of past life-threatening harms because it found such allegations to be not credible. After rejecting this adverse credibility finding, the BIA did not explain why Strumi's allegations were nonetheless insufficient to constitute persecution. Strumi described that, on account of his political activity, he was temporarily fired from his job and then transferred to a less-desirable post, threatened by local police

officers on multiple occasions, and physically assaulted by police officers and members of Albania's security service on two separate occasions, during one of which Strumi was held at gun point and beaten for several hours and then dumped into a canal. We remand to the BIA to reconsider its past-persecution determination in light of these specific allegations.[2]

We remand, rather than reverse, because a ruling in Strumi's favor—even on the element of past persecution—is not compelled. Although the BIA reversed the IJ's adverse credibility determination, even credible testimony is not dispositive. *See Damko,* 430 F.3d at 636. Moreover, on remand, the BIA must reconsider its analysis of future persecution. Should the BIA find that Strumi has established past persecution, it would be presumed that he has a well-founded fear of future persecution, and the burden would pass to the government. 8 C.F.R. § 1208.13(b)(1).

We see no error in the BIA's denial of Strumi's CAT claim on the basis of his failure to establish that, if removed to Albania, he more likely than not will suffer torture. See 8 C.F.R. § 208.16(c)(2) (2002); Wang v. Ashcroft, 320 F.3d 130, 133–34 (2d Cir.2003). There is no presumption of future harm based on past harms for CAT purposes, though past harms may be considered. 8 C.F.R. § 208.16(c)(3). As the IJ observed, the country condition reports do not indicate a likelihood of torture, and Strumi has provided no evidence that torture is likely in his own case. We therefore decline to vacate the BIA's CAT holding, though the BIA is free to reconsider it on remand.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order

---

2. Strumi also described harms inflicted by the Hoxha government. While whatever Strumi suffered under the Hoxha was, no doubt, horrible, the Hoxha regime is (thankfully) long gone and thus the BIA's failure to discuss these harms does not amount to error.

is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).